# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMITRIUS FURLOW,<br><br>                Plaintiff,<br><br>   v.<br><br>LOS ANGELES TRADE TECHNICAL COLLEGE, et al.,<br><br>                Defendants. | Case No. 2:19-cv-09443-MWF (SHK)<br><br>**ORDER DISMISSING COMPLAINT** |

## I. BACKGROUND

On November 1, 2019, Plaintiff Demitrius Furlow ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a Complaint ("Complaint" or "Compl.") against Defendants Los Angeles Trade Technical College, Dr. Henan Joof, and Deputy Security Lopez (collectively "Defendants") asserting claims under 42 U.S.C. § 1983. Electronic Case Filing Number ("ECF No.") 1, Compl.; ECF No. 2, IFP Request; ECF No. 3, Order Granting IFP Request.

On January 10, 2020, after screening the Complaint, the Court issued an Order Dismissing Complaint With Leave To Amend ("OLDA"). ECF No. 17, ODLA. The Court provided Plaintiff until January 31, 2020, to file a First

Amended Complaint ("FAC"), should he so choose. Id. at 14-16. In the ODLA, the Court warned that "if Plaintiff does not comply with the instructions enumerated above," including timely filing a FAC, "the Court may recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b)." Id. at 15-16. Plaintiff failed to timely file his FAC as ordered.

On January 17, 21, and 27, 2020, the Court received returned mail showing that the ODLA and other Court orders were undeliverable to the address Plaintiff provided. See ECF Nos. 18-20.[1] The Court concluded that Plaintiff had failed to keep the Court apprised of his current address as required by Local Rule 41-6, and the Court issued an Order to Show Cause ("OSC") "in writing on or before February 11, 2020, of his current address, and by either: (1) filing a FAC as set out in the ODLA, ECF No. 17, or (2) notifying the Court that he no longer wishes to pursue this action." ECF No. 21, OSC. In the OSC, the Court warned that "[f]ailure to file a response by [February 11, 2020,] **will** result in a recommendation that the action be dismissed with or without prejudice." Id. at 2 (emphasis in original).

In the meanwhile, Plaintiff has filed other federal lawsuits in this Court but has failed to address the issues outstanding in this case. See Furlow v. Wells Fargo Bank, et al., Case No. 2:20-cv-00136-AB-JC (denying IFP application and dismissing case because IFP application was incomplete, failed to allege basis for subject matter jurisdiction, and failed to state a viable claim for relief); Furlow v. D.P.S.S., Case No. 2:20-cv-00577-MWF-SHK (denying IFP application because the legal basis for the case is legally and/or factually patently frivolous and

---

[1] Plaintiff previously failed to notify the Court of an address change. See ECF Nos. 9, 11, 12, Mail returned to Court. The Court also previously warned Plaintiff that Local Rule 41-6 requires pro se parties to keep the Court and opposing parties apprised of their current address and telephone number, if any, and e-mail address, if any. ECF No. 10, Order re Failure to Update Address.

dismissing case); Furlow v. Roybal Federal Building, Case No. 2:20-cv-01261-MWF-SHK (the Magistrate Judge issued a Report and Recommendation dismissing the action).

As of the date of this Order, Plaintiff has failed show cause why this case should not be dismissed or to otherwise participate in this litigation. Plaintiff has failed to respond with his new address, has not filed a FAC, and has not otherwise contacted the Court.

## II. DISCUSSION

Local Rule 41-6 states that "[i]f mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing party of said plaintiff's current address, the Court may dismiss with action with or without prejudice for want of prosecution." Here, over a month has passed since the Court first received court mail addressed to Plaintiff returned undelivered by the Postal Service and Plaintiff has yet to notify the Court of a current address. See ECF No. 19.

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

3

cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Plaintiff has repeatedly failed to keep the Court apprised of his address and has failed to respond to Court orders. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently. See id.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Plaintiff has not provided any information to rebut this presumption and nothing else suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3)

4

repeatedly warned of the consequences of failure to do so. See ECF Nos. 16, 17, 21. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Hernandez, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted).

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders, the Court DISMISSES this case, without prejudice.

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT the Judgment be entered **DISMISSING** this case without prejudice.

DATED: April 6, 2020

MICHAEL W. FITZGERALD
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge